KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew L. Harris, | No. CIV 12-2112-PHX-DGC (BSB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Officer Sawyer, et al., | |
| Defendants. | |

On October 5, 2012, Plaintiff Matthew L. Harris, formerly confined in the Maricopa County Tent City Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 an incomplete Application to Proceed *In Forma Pauperis*.

On October 5, 2012, the Court filed a Notice Of Assignment assigning this case to the undersigned Judge, and mailed a copy to Plaintiff at his last known address at the Tent City Jail. On October 29, 2012, the Notice of Assignment was returned to the Court as undeliverable. Plaintiff has failed to file a Notice of Change of Address, or to in any way notify the Court of his whereabouts. Accordingly, the Clerk of the Court has been unable to remail the copy of the Notice to Plaintiff.

Rule 3.4 of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may

1  result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil
2  Rights Complaint at 2).

3        Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co.
4  v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the
5  duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his current
6  address, and to comply with the Court's orders in a timely fashion. This Court does not have
7  an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden
8  of keeping the court apprised of any changes in his mailing address." Carey v. King, 856
9  F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new
10  address constitutes failure to prosecute.

11        Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
12  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
13  move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
14  (1962), the Supreme Court recognized that a federal district court has the inherent power to
15  dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)
16  of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
17  in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
18  without notice or hearing. Id. at 633.

19        In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
20  the Court must weigh the following five factors: "(1) the public's interest in expeditious
21  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
22  the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
23  availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v.
24  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
25  imposition of sanctions in most cases, while the fourth factor cuts against a default or
26  dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
27  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

28

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

DATED this 26th day of November, 2012.

_____
David G. Campbell
United States District Judge